IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ERNEST WADDELL,                    )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )    Civil No.   08-2014-Ma/P
                                   )
GREYHOUND LINES, INC.,             )
                                   )
        Defendant.                 )
                                   )

_____

ORDER ON PLAINTIFF'S MOTION TO COMPEL, DEFENDANT'S MOTION TO
COMPEL, AND PLAINTIFF'S SECOND MOTION TO COMPEL

_____

        Before the court by order of reference is plaintiff Ernest
Waddell's Motion to Compel (D.E. 35), defendant Greyhound Lines,
Inc.'s ("Greyhound") Motion to Compel (D.E. 38), and Waddell's
Second Motion to Compel (D.E. 48).  On October 23, 2008, the court
held a hearing on these motions.  Counsel for all parties were
present and heard.  At the conclusion of the hearing, the court
took under advisement Waddell's Motion to Compel, granted in part
and denied in part Greyhound's Motion to Compel, and denied without
prejudice Waddell's Second Motion to Compel.

A.    Waddell's Motion to Compel

        In his first Motion to Compel, Waddell asks the court to order
Greyhound to provide a complete response to Interrogatory Number 3,
which asks Greyhound to identify "each employee the persons
identified in Interrogatory Number 1 have counseled or disciplined
in any way since 1/1/05."  Interrogatory Number 1, in turn, asks
Greyhound to identify each person who participated in the decision

to terminate the Plaintiff.[1]  Greyhound has provided Waddell with information relating to the employees who have been counseled or disciplined since January 1, 2005, by the same decision-makers involved in Waddell's termination, who worked in District 7 (the same district as Waddell) and who were counseled or disciplined for (1) insubordination, (2) refusal to drive a bus, (3) refusal of a direct order, (4) refusal of an order to report to work, or (5) refusal to accept a route. [2]  However, Greyhound has objected to providing any information for employees who worked outside of District 7 or any information for District 7 employees who were counseled or disciplined for reasons other than the five listed above.

Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1). Relevancy for discovery purposes is construed broadly.

_____

[1]Waddell worked for Greyhound as an "extra-board" (or part-time) driver.  On May 18, 2006, Greyhound terminated Waddell allegedly for refusing a direct order because he refused to drive an empty bus from Texarkana, Arkansas to Dallas, Texas.  Waddell sued Greyhound for violations of Title VII, the ADEA, and 42 U.S.C. § 1981.  As part of his complaint, Waddell alleges that Greyhound terminated him in retaliation for filing an age discrimination lawsuit against Greyhound in August of 2003.  That lawsuit was dismissed in favor of Greyhound in March of 2005.

[2]District 7 covers Greyhound owned or operated bus terminals in Birmingham and Mobile, Alabama, New Orleans and Baton Rouge, Louisiana, Jackson, Mississippi, and Knoxville, Memphis and Nashville, Tennessee.  Waddell reported directly to the Memphis City Manager, who in turn reported to the District 7 Manager. During 2006, Greyhound employed 278 drivers within District 7.

Discoverable evidence need not be admissible at trial; rather, material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." _Id._ "Nevertheless, discovery does have 'ultimate and necessary boundaries,'" _Miller v. Fed. Express Corp._, 186 F.R.D. 376, 383 (W.D. Tenn. 1999) (quoting _Oppenheimer Fund, Inc. v. Sanders_, 437 U.S. 340, 351 (1978)), "and 'it is well established that the scope of discovery is within the sound discretion of the trial court.'" _Id._ (quoting _Coleman v. Am. Red Cross_, 23 F.3d 1091, 1096 (6th Cir. 1994)). A court need not compel discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii).

Once an objection to the relevance of the information sought is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action. _Allen v. Howmedica Leibinger_, 190 F.R.D. 518, 522 (W.D. Tenn. 1999). If that party demonstrates relevancy, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules. _United Oil Co. V. Parts Assocs., Inc._, 227 F.R.D. 404, 411 (D. Md. 2005); _MJS Janitorial v. Kimco Corp._, No. 03-2102, 2004 WL 2905409, at *6 (W.D. Tenn. Apr. 19, 2004); _see also_ Fed. R. Civ. P. 26(b)(2)(i), (iii).

The court finds that discovery relating to employees who

-3-

worked outside of District 7 is not reasonably calculated to lead
to the discovery of admissible evidence, as Waddell has not
sufficiently demonstrated that employees who worked outside of
District 7 would be similarly situated to Waddell in "all of the
relevant aspects." Miller v. Federal Express, 186 F.R.D. 376, 383
(W.D. Tenn. 1999) (quoting Ercegovich v. Goodyear Tire & Rubber
Co., 154 F.3d 344, 351 (6th Cir. 1998)). As the court in Miller
explained,

> . . . information concerning the treatment of comparable
> employees is doubtlessly relevant to a plaintiff's claim
> that she received harsher discipline on account of her
> race. . . . In the context of an allegation of
> disciplinary discrimination, the comparables to be
> similarly situated "must have dealt with the same
> supervisor, have been subject to the same standards and
> have engaged in the same conduct without such
> differentiating or mitigating circumstances that would
> distinguish their conduct or the employer's treatment of
> them for it. . . . This is not to say, however, that
> another employee's situation must be identical to serve
> as a comparable.

Id. at 383-84 (internal citation omitted); see also Myers v. Case
Corp., No. C 98-2733 THE, 2000 WL 274197, at *6 (N.D. Cal. Mar. 7,
2000); Sanders v. Culinary Workers Union Local No. 226, 804 F.
Supp. 86, 98 (D. Nev. 1992). However, "[t]he plaintiff need not
demonstrate an exact correlation with the employee receiving the
more favorable treatment in order for the two to be considered
'similarly-situated.'" Ercegovich, 154 F.3d at 352; see also Seay
v. Tenn. Valley Auth., 339 F.3d 454, 479 (6th Cir. 2003).

Moreover, the court finds Waddell's request for information

relating to Greyhound employees who were counseled or disciplined *for any reason* to be overly broad and would result in the production of irrelevant information. Instead, by producing information relating to District 7 employees who were counseled or disciplined for (1) insubordination, (2) refusal to drive a bus, (3) refusal of a direct order, (4) refusal of an order to report to work, or (5) refusal to accept a route, Greyhound has provided Waddell with the relevant discovery he is entitled to obtain under Rule 26.

For these reasons, Waddell's Motion to Compel is DENIED.

## B.    Greyhound's Motion to Compel

As discussed above, at the conclusion of the October 23 hearing, the court granted in part and denied in part Greyhound's Motion to Compel as follows:

With respect to Interrogatory Number 2, which asks Waddell to identify each person with whom he has communicated, either orally or in writing, regarding his belief that Greyhound retaliated against him and state the date of the communication, the substance of the communication, and identify any documents regarding such communication, the court found that Waddell's response was incomplete and ordered him to supplement his response to this interrogatory by providing additional information, if known, within eleven (11) days.

With respect to Interrogatory Number 7, which asks for a complete history of employment, the court found that Waddell's response was sufficient and denied the request to compel a further

response to this interrogatory.

With respect to Interrogatory Numbers 8, 9, and 10, which ask for information relating to Waddell's damages, the court found that Waddell's responses were incomplete and ordered him to supplement his responses to these interrogatories by providing additional information, if known, within eleven (11) days.

As for Waddell's responses to Greyhound's Requests for Production of Documents Numbers 1, 2, 3, 8, 11, 12, and 13, the court ordered that Greyhound review documents responsive to these requests at the law offices of Waddell's counsel. After reviewing these documents, Greyhound may renew its motion to compel if it believes the document production is still incomplete.

With respect to Request for Production Number 19, which asks for any agreements between Waddell and his attorneys evidencing his obligation to pay attorney's fees, the court denied without prejudice the motion to compel production of these documents, as the motion is premature. Finally, the court denied Greyhound's motion for sanctions and attorney's fees.

C.    **Waddell's Second Motion to Compel**

In his Second Motion to Compel, Waddell asks the court to order Greyhound's deponent, Jim Smith (Senior Director of Labor Relations), to respond to questions that may reveal attorney-client privileged communications, on the grounds that Greyhound may assert an advice-of-counsel defense at trial. At the October 23 hearing, Greyhound agreed that it would notify Waddell by the date of his deposition, whether Greyhound would be asserting an advice-of-

counsel defense.  The court denied without prejudice Waddell's Second Motion to Compel.  Waddell may renew this motion at a later date, if necessary.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 18, 2008
Date